UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK J LUKASIK,

    Plaintiff,

v.                                                  Case No: 6:18-cv-1725-Orl-37TBS

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Conduct Discovery (Doc. 20). Defendant has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015). The Court proceeds on the basis that this motion is unopposed.

Plaintiff filed this lawsuit in state court, alleging that he is both disabled and covered by a long term disability insurance policy issued by Defendant (Doc. 1-5). Plaintiff complains that Defendant has wrongfully denied his claim for total disability benefits (Id., ¶ 4). Defendant removed the case to this Court, asserting that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1101 et seq. (Doc. 1).

The Court entered its standard Case Management and Scheduling Order ("CMSO") in ERISA cases (Doc. 13). The CMSO provides for limited discovery if needed after review of the administrative record and the supplemental information to be provided

by Defendant (Id., at 2). Plaintiff argues that discovery is necessary because it is unclear from the information now available, whether his disability insurance is through an ERISA plan (Doc. 20 at 4-6). In order to make this determination, Plaintiff desires to take a FED. R. CIV. P. 30(b)(6) deposition of Defendant concerning policies numbered 6-334-637399 and 6-335-753425 (the "Policies"), and any plan funded by the Policies (Id., at 12). The topics upon which Plaintiff wants to inquire are: (1) the employer's representations in internally distributed documents; (2) the employer's oral representations; (3) the employer's establishment of a fund to pay benefits; (4) the actual payment of benefits; (5) the employer's deliberate failure to correct known perceptions of a plan's existence; (6) the reasonable understanding of employees; (7) the employer's intent; (8) the formation of the Policies; (9) the formation of any plan funded by the Policies; and (10) how the premiums for the Policies were paid (Id.).[1]

Plaintiff has shown good cause to take the requested discovery and Defendant does not object. Accordingly, the motion is **GRANTED**. Plaintiff may take a FED. R. CIV. P. 30(b)(6) deposition of Defendant on the topics identified in this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] For topics 1-7 See Anderson v. UNUM Provident Corp., 369 F.3d 1257, 1265 (11th Cir. 2004)(citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1215 (11th Cir. 1999)).